# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOEY LEE BOGEDAIN,

        Appellant,                        CASE NO. 07-CV-10904
                                                BANKR. NO. 06-43044

-vs-                                                 PAUL D. BORMAN
                                                 UNITED STATES DISTRICT JUDGE

MONROE BANK & TRUST,

        Appellee.
_____/

## OPINION AND ORDER AFFIRMING
## THE BANKRUPTCY COURT'S ORDER AWARDING SANCTIONS

Now before the Court is an appeal from the Bankruptcy Court's January 10, 2007 Order granting a Motion for Sanctions. The parties agreed to have the Court decide the Motion on its briefs. Having considered the entire record, and for the reasons that follow, the Court AFFIRMS the Bankruptcy Court's Order granting Appellee's Motion for Sanctions against Appellant Joey Lee Bogedain and his attorney, Thomas Budzynski.

**I.    BACKGROUND**

This case is an appeal from the Bankruptcy Court. The appeal arises out of an order of the Bankruptcy Court awarding sanctions against Appellant and his attorney in the sum of $1,000.00 for filing a frivolous Counter-Complaint.

On June 27, 2005, Joey Lee Bogedain ("Debtor") filed for Chapter 12 bankruptcy. (Appellant's Br. Ex. 3, Adversary Complaint ¶ 4). At the time of filing, Debtor had recently planted crops; and during the pendency of the action, those crops were harvested and sold. (*Id*. at ¶ 6). The

1

Chapter 12 bankruptcy petition was dismissed in February 17, 2006. (*Id.* at ¶ 5). On March 16, 2006, Debtor filed a second Chapter 12 petition. (*Id.* at ¶ 3). On June 21, 2006, Appellees Monroe Bank & Trust ("Appellees"), a creditor of Debtor, filed an Adversary Proceedings Complaint to Determine Dischargeability of Debt against Debtor. (*Id.* ¶ 10 & Ex. 6, Opinion Regarding Motion for Sanctions at 1). In the Complaint, Appellee claimed proceeds from the 2005 crops were its cash collateral and Debtor, in failing to account for the proceeds, had violated his duties as debtor-in-possession. (*Id.* ¶¶ 10-15). Appellees contended that part of the debt owed to them by Debtor could not be discharged pursuant to 11 U.S.C. § 523.

On July 18, 2006, Debtor filed an Answer to Appellee's Complaint as well as a Counter-Complaint. (Appellant's Br. Ex. 4). In his Counter-Complaint Debtor sought "pursuant to the terms of 11 U.S.C. § 552, [] reimbursement from plaintiff/counter-defendant Monroe Bank & Trust, for all costs and expenses expended to plant, preserve, harvest, and market crops in which Monroe Bank & Trust alleges a security interest . . . ."[1] (*Id.* Ex. 4 ¶ 7). On August 30, 2006, Appellee filed a Motion for Sanctions against Debtor and his Attorney based on the argument that Debtor's Counter-Complaint was not warranted by existing law or non-frivolous argument. (*Id.* Ex. 1 at 2). On September 18, 2006, the second Chapter 12 petition was dismissed. However, the Bankruptcy Court retained jurisdiction over the Motion for Sanctions. (Appellee's Br. Ex. 6 at 1-2). After oral argument on October 3, 2006, the Bankruptcy Court, per Chief Judge Rhodes, granted the Motion for Sanctions in the sum of $1,000.00 against Debtor and his attorney, stating:

> Neither of [the cited cases] support Bogedain's claim under 506(c). There was

---

[1] The Court notes, Appellant states in his brief, "The debtor for its part, not having brought its motion under 11 U.S.C. § 552, reviewed 11 U.S.C. § 506, and brought a counter-complaint under § 506 . . . ." (*Id.* at 3). Interestingly, the Counter-Complaint states Debtor did move under § 552. (*Id.* Ex. 4 ¶ 7).

simply no basis upon which Bogedain could assert any benefit to Monroe as Bogedain had disposed of the collateral and had failed to account to Monroe. The Court therefore concludes this that Bogedain's counterclaim was not warranted by existing law and thus was in violation of Bankruptcy Rule 9011(b)(2).

(*Id.* Ex. 6.)

## II. ANALYSIS

### A. Standard of Review

Pursuant to 28 U.S.C. § 158, a district court has jurisdiction over appeals from the bankruptcy court in the same district. A reviewing court will not set aside a bankruptcy court's factual findings under they are clearly erroneous, and its conclusions of law are reviewed *de novo*. *In re Laguna Assocs. Ltd. Partnership*, 30 F.3d 734, 737 (6th Cir 1994). An award or denial of sanctions is reviewed under the abuse of discretion standard. *See Hartleip v. McNeilab, Inc.*, 83 F.3d 767, 778 (6th Cir. 1996). A court abuses its discretion when the court's (1) decision is based on an erroneous conclusion of law; (2) findings are clearly erroneous; or (3) decision is unreasonable, arbitrary, or fanciful. *In re M.T.G., Inc.*, 298 B.R. 310, 317 (E.D. Mich. 2003).

### B. Discussion

Appellant seeks to overturn the Bankruptcy Court's award of Sanctions pursuant to Rule 9011(b)(2). Rule 9011(b) sets forth in pertinent part:

> [t]he signature of an attorney or a party constitutes a certificate that the attorney or party has constitutes a certificate that the attorney or party as read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose . . . .

*Big Rapids Mall Ass'n. v. Mutual Trust Life Ins. Co.*, 98 F.3d 926, 930 (6th Cir. 1996) (citing FED.

R. BANKR. P. 9011(b)). Rule 9011(c) allows the Bankruptcy Court to award sanctions for violations of subsection (b). This Rule "substantially tracks Federal Rule of Civil Procedure 11 before its 1993 amendment." *Big Rapids*, 98 F.3d at 930. The Sixth Circuit has held in the bankruptcy context that "the test for Rule 11 sanctions is whether the individual attorney's conduct was reasonable under the circumstances . . . [and] the district court [is given] wide discretion to determine whether the conduct of plaintiff's counsel was reasonable." *Id.* (internal citations omitted). "If the court finds that the alleged misconduct was not reasonable, the court must impose sanctions." *Mihalik v. Pro Arts, Inc.*, 851 F.2d 790, 792-93 (6th Cir. 1988).

> Section 506(c) states:
>
> The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim, including the payment of all ad valorem property taxes with respect to the property.

In the present case, Appellant argues that Appellee received a benefit and therefore he was entitled to bring the Counter-Complaint for the set off. Appellee agrees that although in certain circumstances such a motion under 506(c) is legitimate, Appellant's Counter-Complaint was not.

Appellant tries to construe his Counter-Complaint as a necessary "affirmative defense." However, unlike an affirmative defense, Appellant sought $250,000.00 in damages plus fees and costs from Appellee in his Counter-Complaint. Further, Appellant denied the allegations in the Adversary Complaint, thereby advancing the argument that Appellee did not have an interest in the crops and should recover nothing from Debtor, but Debtor was entitled to recover more than $250,000.00 from Appellee. (Appellant's Br. Ex. 4 ¶¶ 10-15).

In deciding whether a Bankruptcy Court has erred in awarding sanctions, "The district court

4

. . . . is expected to avoid using the wisdom of hindsight and should test the signor's conduct by inquiring what was reasonable to believe at the time of the pleading, motion or other paper was submitted." *Big Rapids*, 98 F.3d at 930. In the present case, Appellant's own math does not align with his argument. Appellant argues that the cost to Debtor to maintain the crop was $125,000.00; he sought a "set off" in the Counter-Complaint from Appellee in the amount of $250,000.00. In sum, Appellant was seeking approximately double the maintenance costs to Debtor while simultaneously denying in his Answer that Appellee had a perfected security interest in the crops. (Appellant Br. Ex. 3 ¶ 10).

The Bankruptcy Court held that there was no benefit to Appellee where the collateral was disposed of and there was no accounting. (Appellant Br. Ex. 6 at 5). The Court does not find that this was in error as Appellant failed to present any evidence of a benefit to Appellee. Appellant argues here, as he did to the Bankruptcy Court, that there was a benefit, however, this continues to be evidenced by nothing more than belief. (Appellant Br. at 4). Therefore, the Court cannot find that it was an abuse of discretion by the Bankruptcy Court to hold there was no benefit and Appellant's Counter-Complaint vexatious.

Further, even if the Court found there was some benefit to Appellee, Appellant's Counter-Complaint is still unwarranted by law. Appellant seeks more than double the amount expended by Debtor to maintain and harvest the crops, relying upon two 1987 cases from the Middle District of Illinois. Appellant's cited case law is both procedurally and factually distinguishable. Neither *In re Worrell*, 59 B.R. 172 (C.D. Ill. 1986), nor *In re Settles*, 75 B.R. 229 (C.D. Ill. 1987), arise from analogous circumstances where a debtor files a Counter-Claim against a creditor. Neither case involves a claim for more than double the amount expended in maintenance as a set off under § 506.

*Worrell*, 59 B.R. at 175 (holding that for creditor to be charged under § 506 the costs must be reasonable, necessary and benefit the creditor) (citation omitted); *Settles*, 75 B.R. at 230 (same). The Court finds this case law to be neither persuasive nor on point.

In light of these circumstances, the Court finds that the Bankruptcy Court did not abuse its discretion in awarding sanctions for $1,000.00 against Debtor and his attorney for filing the Counter-Complaint.

**IV.    CONCLUSION**

For the reasons stated, the Court **AFFIRMS** the Bankruptcy Court's decision.

**SO ORDERED.**


                                s/Paul D. Borman  
                                PAUL D. BORMAN  
                                UNITED STATES DISTRICT JUDGE

Dated: October 5, 2007

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on October 5, 2007.

                                s/Denise Goodine  
                                Case Manager